USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWIGHT FURET,

       Plaintiff,

  -against-

CITY OF NEW YORK, et al.,

       Defendants.

22-CV-03172 (MMG)

**NOTICE OF REASSIGNMENT**

MARGARET M. GARNETT, United States District Judge:

  This case has been reassigned to the undersigned. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment, including the close of fact discovery on **May 6, 2024**.

  However, in accordance with Rule II(B)(9) of the Court's Individual Rules & Practices, it is hereby ORDERED that all parties shall follow the Court's procedures for post-fact-discovery communications with the Court and shall appear for a post-fact-discovery conference on **Tuesday, June 11, 2024 at 9:30 a.m.** The close of expert discovery, which is currently scheduled for **May 20, 2024**, shall be adjourned pending the June 11 conference. All counsel must familiarize themselves with the Court's Individual Rules & Practices ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-margaret-m-garnett.

  If this case has been settled or otherwise terminated, counsel are not required to submit such letters or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://nysd.uscourts.gov/electronic-case-filing.

  In accordance with Rule I(B)(5) of the Court's Individual Rules, requests for extensions or adjournments may be made only by letter-motion filed on ECF. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

  Finally, all parties are hereby notified that the undersigned was the Commissioner of the New York City Department of Investigation during portions of the time period identified in the Complaint (2018-2021) and remained in that position until November 10, 2021. The Department of Investigation has oversight and Inspector General jurisdiction over the New York City Police Department, although that oversight does not typically extend to misconduct by individual police officers, which is typically within the jurisdiction of the NYPD's Internal Affairs Bureau and the Civilian Complaint Review Board. As far as the Court is aware, the undersigned has no particular or confidential knowledge about the events discussed in the Complaint, and thus sees no basis for recusal at this time. However, if any party wishes to move for recusal, has additional information that may bear on recusal, or wishes to discuss the question of recusal with

the Court at a conference, they should file an appropriate letter on ECF no later than **March 4, 2024**.

Dated: February 26, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge