UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWIGHT FURET,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2024

22-CV-03172 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On March 27, 2023, Judge Torres issued the initial Civil Case Management Plan and Scheduling Order in this action. Dkt. No. 33. Since then, the parties have requested to extend the discovery schedule a total of five times, *see* Dkt. Nos. 40, 42, 44, 51, and 59, and, most recently, the Court granted in part the fifth letter-motion for an extension of time to complete discovery, which extended the close of fact discovery to May 21, 2024, specifically and only to allow Plaintiff to depose Detective Mantilla. *See* Dkt. No. 60.

      Defendants City of New York and Detective Logan Payano state that they served their objections and responses to Plaintiff's First Set of Interrogatories and Document Requests on May 26, 2023, over a year ago, and their objections and responses to Plaintiff's Second Set of Document Requests on February 23, 2024, a little over three months ago. *See* Dkt. No. 64 at 1. Defendant Detective Joseph Franco was served with Plaintiff's Second Set of Document Requests on January 17, 2024, and, to date, has not responded. *See* Dkt. No. 62-1.

      On May 14, 2024, eight days **after** the previous close of fact discovery, which had been extended only for the limited purpose of deposing Detective Mantilla, Plaintiff served a "deficiency letter" upon Defendants City of New York, Detective Logan Payano, and Detective Joseph Franco (the "Defendants"). *See* Dkt. No. 62-2. Plaintiff claims that Defendants did not attempt to resolve the discovery deficiencies raised in his letter, and that counsel for Plaintiff attempted to contact Defendants by phone the morning of May 20, 2024. *See* Dkt. No. 62 at 1.

      Later that same day, Plaintiff filed a letter-motion to compel (1) Defendants City of New York and Detective Logan Payano "to provide a complete, proper and responsive response to Plaintiff's First Set of Interrogatories and First and Second [S]ets of Document Requests"; and (2) Defendant Detective Joseph Franco "to provide a complete, proper, and responsive response to Plaintiff's Second Set of Document Requests." *See* Dkt. No. 62. On May 22, 2024, Defendants City of New York and Detective Logan Payano filed a letter response. Dkt. No. 64. On May 23, 2024, Defendant Detective Joseph Franco filed a letter response. Dkt. No. 65.

      Upon reviewing the parties' letters, and considering all of the arguments made therein, it is hereby ORDERED that Plaintiff's letter-motion is DENIED. Plaintiff's requests are grossly untimely. This case has been pending for over two years, and the Court has previously granted

numerous extensions of time with respect to the close of fact discovery. The Court has previously advised the parties that no further extensions would be granted, absent good cause shown, *see* Dkt. No. 52, and the most recent extension of the close of fact discovery was only to allow Plaintiff to depose Detective Mantilla. *See* Dkt. No. 60. Plaintiff has not demonstrated good cause as to why fact discovery should functionally be extended through compelling the Defendants to provide supplemental responses to discovery requests which have been purportedly outstanding for months at best and/or over a year at worst. Nor has Plaintiff offered any reason at all as to why these purported deficiencies in discovery were not raised in a timely fashion. Moreover, to the extent Plaintiff seeks supplemental responses on the grounds that the documents sought might be relevant because the documents could assist in identifying additional relevant witnesses, *see, e.g.*, Dkt. No. 62-2 (Document Request No. 1 of Plaintiff's Second Set of Document Requests to City and Payano), again, Plaintiff has not demonstrated good cause as to why fact discovery should be re-opened for this purpose, especially since Plaintiff would be unable to depose such potential witnesses without yet another extension of fact discovery.

The post-fact-discovery conference remains scheduled for June 11, 2024. *See* Dkt. No. 53. The parties shall file either (1) pre-motion letter(s) regarding any anticipated summary judgment motion; or (2) a joint status letter, as set forth in the Court's Individual Rules & Practices, no later than **June 4, 2024**.

The Clerk of Court is respectfully directed to close Docket No. 62.

Dated: May 29, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge