```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWIGHT FURET,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

22-CV-03172 (MMG)

**<u>OPINION & ORDER</u>**

MARGARET M. GARNETT, United States District Judge:

## INTRODUCTION

Plaintiff Dwight Furet ("Plaintiff") brings this action against the City of New York (the "City"), NYPD officer Logan Payano ("Payano"), and former NYPD officer Joseph Franco ("Franco"), seeking relief for claims under 42 U.S.C. § 1983 ("Section 1983"), including false arrest, unlawful search, malicious prosecution, malicious abuse of process, denial of equal protection, and denial of a fair trial, along with pendent state law claims of false arrest, false imprisonment, malicious prosecution, negligent hiring, training, supervision, and retention, general negligence, and failure to protect. The City and Payano moved for summary judgment dismissing all claims against them, and Franco separately did the same. For the reasons that follow, the motions are GRANTED.

1

## BACKGROUND

I. **FACTUAL BACKGROUND**[1]

This action stems from a "buy and bust" operation carried out by several NYPD officers, including Defendants Franco and Payano, in the vicinity of Washington Square Park in Manhattan on October 1, 2017. JSUF ¶ 1.[2] During the operation, Defendant Franco served in the role of "ghost," which refers to a plain-clothes officer who is not directly involved in the planned transactions but is responsible for visually observing potential drug transactions and, importantly, continuously visually observing any undercover officer for the undercover's safety. *Id.* ¶ 2; Franco 56.1 ¶ 1. On October 1, 2017, Franco reported to other officers that he had observed Plaintiff hand another individual an item from a plastic bag containing a white substance in exchange for money. City 56.1 ¶1. Other officers then apprehended Plaintiff and the other individual. *Id.* ¶ 2. Detective Mantilla, who was assigned to prisoner transport, searched Plaintiff following his arrest and reported that he found a small plastic bag containing crack cocaine. *Id.* ¶ 3; JSUF ¶ 2. Mantilla informed Defendant Payano about the drugs. City 56.1 ¶ 4. Payano later searched Plaintiff and reported that he recovered a scale and $141 in cash from Plaintiff's pants pockets. *Id.* ¶ 5. Plaintiff was arrested for criminal possession of a controlled substance in the third and seventh degrees and subsequently charged. JSUF ¶ 3; City

---

[1] The relevant facts, taken from the Amended Complaint and materials submitted in connection with the pending motion, are either undisputed or described in the light most favorable to Plaintiff. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

[2] This Opinion will cite the Joint 56.1 Statement of Undisputed Facts, Dkt. No. 77, as "JSUF"; Defendants City and Payano's 56.1 Statement of Undisputed Facts, Dkt. No. 78, as "City 56.1"; Defendant Franco's 56.1 Statement of Undisputed Facts, Dkt. No. 83, as "Franco 56.1"; the Declaration of Oliver Williams in Opposition to the motions for summary judgment and its attached exhibits, Dkt. No. 87, as "Williams Decl. Ex. [ ] at [ ]"; and Plaintiff's Memorandum of Law in Opposition to the motions, Dkt. No. 88, as "Opp."

56.1 ¶ 7.  He maintains that he did not possess any drugs that day and did not engage in any drug transaction.

A grand jury indicted Plaintiff on November 3, 2017, for criminal possession of a controlled substance in the third and fifth degrees and criminally using drug paraphernalia in the second degree.  He was arraigned on November 9, 2017.  JSUF ¶ 4.  At that time, his criminal case was joined with an unrelated criminal case in which Plaintiff had already pled guilty roughly two weeks earlier.  *Id.* ¶¶ 5–6.  Plaintiff was sentenced in the other case on November 14, 2017, and received two years' imprisonment and eighteen months of post-release supervision.  *Id.* ¶ 7.  He was released to parole on February 20, 2018.  City 56.1 ¶ 10.  On March 26, 2018, Plaintiff pled guilty in the second criminal case, the one related to his October 1, 2017 arrest that is the underlying subject of this case.  JSUF ¶ 8.  During his plea allocution, Plaintiff swore under oath that he knowingly and unlawfully possessed cocaine with intent to sell on October 1, 2017.  City 56.1 ¶ 9.  On April 30, 2018, Plaintiff was sentenced to two years imprisonment and eighteen months post-release supervision, to run concurrently with Plaintiff's sentence in the prior criminal case noted above (on which he was already released to parole).  City 56.1 ¶ 11.

Defendant Franco would later become embroiled in controversy surrounding allegations of official misconduct.  In 2019, a grand jury indicted Franco on twenty-four criminal counts, including perjury and official misconduct.  Williams Decl. Ex. 8 at 4.  The perjury counts related to statements Franco made in connection with certain narcotics investigations, none of which involved Plaintiff or his October 2017 arrest.  Williams Decl. Ex. 2 ("Franco Dep.") 23:21–24:13. The Manhattan District Attorney's office subsequently moved to vacate the convictions of a number of individuals whose arrests were attributable in part to Franco.  *Id.* 128:7–12.

Plaintiff's conviction was vacated at a hearing on May 21, 2021, during which the assistant district attorney who moved for vacatur stated that "[n]o evidence has been found that the defendants in the cases before the court were not guilty or that Detective Franco lied in any of these matters[.]" City 56.1 ¶ 12. Franco went to trial in January 2023, but the presiding judge dismissed the case with prejudice due to discovery violations he found were committed by the prosecutors. Williams Decl. Ex. 8 at 4–6.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on April 18, 2022. Dkt. No. 1. He filed an Amended Complaint on November 8, 2022. Dkt. No. 15. The City filed an answer on November 22, 2022, Dkt. No. 18, followed by Defendant Payano on January 10, 2023, Dkt. No. 21. Defendant Franco filed his answer on May 11, 2023, in which he asserted a cross-claim against the City for indemnification and defense costs. Dkt. No. 38. In the meantime, the parties participated in Court-ordered mediation but were unable to reach a resolution. After discovery was complete, the City and Payano together moved on August 26, 2024, for summary judgment dismissing Plaintiff's claims. Dkt. No. 75. Franco separately moved for summary judgment on September 10, 2024. Dkt. No 81. Plaintiff opposes both motions. Dkt. No. 88.

## DISCUSSION

### I. STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).

4

"The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment . . . ." *Id.* (quoting *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)). In evaluating "whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.*

"When the burden of proof at trial would fall on the nonmoving party, . . . the movant [can] point to a lack of evidence," and "the nonmoving party must [then] come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008); *accord Grain D'Or LLC v. Wizman*, No. 21-CV-10652, 2023 WL 5609101, at *5 (S.D.N.Y. Aug. 30, 2023). "Mere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal references omitted); *accord Grain*, 2023 WL 5609101, at *5.

## II. SECTION 1983 CLAIMS

### A. The False Arrest, Unlawful Search, and Malicious Abuse of Process Claims are Time Barred

Section 1983 does not provide a specific statute of limitations. *Hogan v. Fischer*, 783 F.3d 509, 517 (2d Cir. 2013). Therefore, "courts apply the statute of limitations for personal injury actions under state law." *Id.* (citations omitted). As a result, Section 1983 actions filed in the State of New York are subject to New York's three-year statute of limitations. *Id.*

Although state law provides the applicable statute of limitations, federal law governs the date on which the claim accrues. *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (citing *Cullen v. Margiotta*, 811 F.2d 698, 725 (2d Cir. 1987)). "Under federal law, a claim accrues when the plaintiff 'knows or has reason to know' of the injury that is the basis of the

5

action." *Id.* (quoting *Cullen*, 811 F.2d at 725). "[A] plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim." *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 372 (E.D.N.Y. 2012) (quoting *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 544 (2d Cir. 1999)). Instead, "a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Id.*

The law in this Circuit is clear as to when unlawful search, malicious abuse of process, false arrest, and equal protection claims accrue. A claim for an unlawful search accrues on the date of the allegedly unlawful search. *Rudaj v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013) (summary order); *Sanders v. Simonovic*, No. 19-CV-05525 (LJL), 2021 WL 707060, at *6 (S.D.N.Y. Feb. 23, 2021) ("An unlawful search claim 'accrues at the time of the search.'") (quoting *Forbes v. City of New York*, No. 05-CV-03458 (GHW), 2016 WL 6269602, at *3 (S.D.N.Y. Oct. 26, 2016)). "A [Section] 1983 abuse of process claim 'accrues at such time as the criminal process is set in motion—typically at arrest—against the plaintiff.'" *Pearson v. City of New York*, No. 22-CV-10669 (CM), 2024 WL 1314099, at *13 (S.D.N.Y. Mar. 26, 2024) (quoting *McDaniel v. City of New York*, 585 F. Supp. 3d 503, 515 (S.D.N.Y. 2022), *report and recommendation adopted*, No. 19-CV-11265 (ATR) (WL), 2022 WL 874769 (S.D.N.Y. Mar. 24, 2022)); *see also Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *3 (2d Cir. Apr. 27, 2022) (summary order). "A false arrest claim under Section 1983 accrues when the false arrest ends, that is, once the arrestee 'becomes held pursuant to legal process—when, for example, he is bound over by a magistrate or arraigned on charges.'" *Navarro v. N.Y. Police Detective Carroll*, No. 23-CV-06657 (LTS), 2024 WL 1747100, at *2 (S.D.N.Y. Apr. 22, 2024) (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). Finally, a claim under the Equal

Protection Clause of the Fourteenth Amendment accrues "when the plaintiff knew or should have known of the disparate treatment." *Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013); *see also Jianjun Li v. Vill. of Saddle Rock*, No. 22-CV-02289 (DRH), 2021 WL 1193618, at *11 (E.D.N.Y. Mar. 30, 2021) ("[A] § 1983 claim based on selective enforcement in violation of the Equal Protection Clause accrues at 'the time of the unlawful act, not the point at which the consequences of the act become painful.'") (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)).

Here, because the relevant search and arrest occurred on October 1, 2017, the statute of limitations for Plaintiff's unlawful search, malicious abuse of process, and equal protection[3] claims expired three years later on October 1, 2020. Because Plaintiff was arraigned on November 9, 2017, the statute of limitations for his false arrest claim expired no later than November 9, 2020. Plaintiff filed his Complaint on April 18, 2022, and accordingly his claims are time barred. *See* Dkt. No. 1. Plaintiff's only response is a misguided argument that his false arrest claim could not have accrued at the time of his arraignment because his arrest was based on falsified evidence, and thus, the process he received thereafter was not "legal." Opp. at 8. In this context, however, the modifier "legal" simply indicates the source of the process. *See M.Q. v. United States*, 776 F. Supp. 3d 180, 196 (S.D.N.Y. 2025) ("Traditionally, 'legal process means that a court issued the process.'") (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). This Court is aware of no decision by any other court adopting Plaintiff's alternative construction, which would, if adopted, entirely swallow any rule for the accrual or time limitation of false

---

[3] The Amended Complaint's allegations with respect to equal protection relate only to the stopping and searching of Plaintiff on October 1, 2017. *See* Am. Compl. ¶ 22 ("Det. Franco and Det. Payano stopped Plaintiff because he was a black male walking in an area that Det. Franco and Det. Payano did not think he should be.").

7

arrest claims.  Plaintiff argues that "[t]his very issue was central in *Manuel v. City of Joliet*, 580 U.S. 357 (2017)," but it plainly was not, and nothing in *Manuel* lends even a modicum of support to Plaintiff's position.  "In *Manuel*, the Supreme Court granted certiorari to decide only whether a section 1983 claim based on a 'pretrial detention following the start of legal process' could 'give rise to a Fourth Amendment claim.'" *Smalls v. Collins*, 10 F.4th 117, 140 (2d Cir. 2021) (quoting *Manuel*, 580 U.S. at 362).  Not only did the Court analyze an entirely distinct issue, but in deciding that issue, the Court implicitly rejected the argument Plaintiff now raises. *See Manuel*, 580 U.S. at 367 ("[W]hen, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements . . . [l]egal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement.") (emphasis added).  Thus, *Manuel* did not disturb the established rule for accrual of false arrest claims, and Plaintiff's claim is time-barred.  Plaintiff's unlawful search, malicious abuse of process, and equal protection claims are also plainly time-barred, and Plaintiff makes no additional argument against that conclusion.

### B. The Malicious Prosecution Claim Fails as a Matter of Law

"[T]o prevail on a cause of action for malicious prosecution under Section 1983, the plaintiff must establish that 'there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Douglas v. City of Peekskill*, No. 21-CV-10644 (KMK), 2025 WL 965018, at *5 (S.D.N.Y. Mar. 31, 2025) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).  "Courts have held, for purposes of a malicious prosecution claim, that an inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses." *Alvarez v. Detective Robert Peters*, No. 19-CV-06789 (EK), 2022 WL 267891, at *4 (E.D.N.Y. Jan. 28,

2022) (quoting *Allen v. City of New York*, 480 F. Supp. 2d 689, 717 (S.D.N.Y. 2007)); *see also Walker v. Sankhi*, 494 F. App'x 140, 143 (2d Cir. 2012) (holding that the plaintiff "could not have suffered a deprivation of liberty" as a result of the charge "because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate . . . charge, of which he was ultimately convicted"). Here, Plaintiff pled guilty to charges in a separate criminal case, to a known incarceratory sentence, two weeks before he was arraigned, on November 9, 2017, on the charges stemming from his October 1, 2017 arrest. The two cases were administratively joined at that arraignment and Plaintiff was sentenced in the first case less than a week later, on November 14, 2017. When Plaintiff was ultimately sentenced in the October 1 arrest case, his sentence ran concurrently with the sentence from the first case. Thus, at every point after his arraignment and until the termination of his parole, Plaintiff was adjudged guilty with a determinate custodial sentence in a separate criminal case. He therefore cannot prove a post-arraignment deprivation of liberty "solely due" to his October 1 arrest, and his malicious prosecution claim fails as a matter of law.[4] Plaintiff also contends that the $141 taken from him during his arrest constitutes a post-arraignment deprivation of liberty, but his argument equating the seizure of property with the deprivation of liberty finds no support in the case law and this Court rejects it as well.

The malicious prosecution claim also fails for the separate reason that Plaintiff cannot rebut the presumption of probable cause established by his indictment. Probable cause "is a complete defense to [a malicious prosecution] claim, and an indictment by a grand jury creates a presumption of probable cause, which may 'only be rebutted by evidence that the indictment was

---

[4] Plaintiff argues that the deprivation of liberty analysis for his malicious prosecution claim should begin from his detention immediately following his arrest on October 1, 2017. *See* Opp. at 17. This assertion is unsupported by the case law and Plaintiff offers no legal justification for the claim.

procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Gannon v. City of New York*, 917 F. Supp. 2d 241, 244 (S.D.N.Y. 2013) (quoting *Savino v. City of New York*, 331 F.3d 63, 69 (2d Cir. 2003)). The plaintiff bears the burden of establishing that the indictment was produced by fraud or bad-faith police misconduct. *Dufort v. City of New York*, 874 F.3d 338, 352 (2d Cir. 2017). Meeting this burden "requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct." *Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) (holding that defendant, who had been a cooperating witness in the underlying criminal matter from which the malicious prosecution claim arose, was entitled to summary judgment on malicious prosecution claim and rejecting argument that 'the indictment must have been procured by perjury' simply because defendant-witness testified before the grand jury).

In this case, Plaintiff has failed to offer any particular evidence of misconduct, fraud, or bad faith in the grand jury. His bare assertions that Franco must have lied to the grand jury are insufficient to meet his burden. *See Jessamy v. Jakasal*, No. 21-CV-00214, 2022 WL 1669512, at *2 (2d Cir. May 26, 2022) (affirming summary judgment dismissing malicious prosecution claim where plaintiff "ha[d] not offered any evidence, aside from his own speculation, that the grand jury indictment was procured by fraud, perjury, suppression of evidence, or bad faith"); *McGrier v. City of New York*, 849 F. App'x 268, 271 (2d Cir. 2021) (affirming summary judgment dismissing malicious prosecution claim because plaintiff did not "establish what occurred in the grand jury"); *Watson v. Grady*, No. 09-CV-03055 NSR, 2015 WL 2168189, at *17 (S.D.N.Y. May 7, 2015), *aff'd sub nom. Watson v. Sims*, 648 F. App'x 49 (2d Cir. 2016) (granting summary judgment for defendants where the plaintiff "failed to offer any evidence,

10

other than his own version of events, to show that the evidence presented before the grand jury was fraudulent or perjurious").

### C. The Denial of a Fair Trial Claim Fails as a Matter of Law

"To succeed on a fair trial claim based on fabricated evidence, 'a plaintiff must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result.'" *Ferguson v. City of New York*, No. 23-1315-CV, 2025 WL 1793890, at *3 (2d Cir. June 30, 2025) (quoting *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023)). At a minimum, Plaintiff fails to show fabrication of information.

To establish fabrication, Plaintiff must show that "defendant[s] knowingly [made] a false statement or omission." *Ashley v. City of New York*, 992 F.3d 128, 143 (2d Cir. 2021) (citing *Morse v. Fusto*, 804 F.3d 538, 547 (2d Cir. 2015)). "Significantly, a plaintiff cannot survive summary judgment merely by establishing a genuine issue of fact as to the veracity of the information that the officer forwarded to prosecutors." *Steinbergin v. City of New York*, No. 19-CV-01314 (JMF), 2021 WL 396690, at *6 (S.D.N.Y. Feb. 4, 2021), *aff'd*, No. 21-536, 2022 WL 1231709 (2d Cir. Apr. 27, 2022); *see also Gutierrez v. New York*, No. 18-CV-3621 (MKB), 2021 WL 681238, at *18 (E.D.N.Y. Feb. 22, 2021) ("Although plaintiffs can generally rely on their own testimony to demonstrate a genuine dispute of material fact, Plaintiff offers no evidence in support of his claims that the evidence was planted, which alone are insufficient to withstand summary judgment for false evidence allegations.") (internal references omitted); *see also Isaac v. City of New York*, No. 16-CV-04729, 2020 WL 1694300, at *9 (E.D.N.Y. Apr. 6, 2020) ("Plaintiff claims that the testimony of four witnesses and [the] defendant . . . was false, but offers no evidence in support, other than his own testimony."). Plaintiff previously admitted under oath to possessing crack cocaine with intent to sell on October 1, 2017. Now he argues

11

that was a false statement on his part. But the only evidence he offers in support of his claim for denial of a fair trial is his own assertion that he did not have drugs when he was stopped on October 1, 2017, meaning the police either planted crack cocaine on him or falsified their report. Without more—without some evidence of fabrication beyond his own statement (belied by his prior statement under oath)—Plaintiff's claim cannot survive summary judgment. *See Apostol v. City of New York*, No. 11-CV-03851 (RRM), 2014 WL 1271201, at *6 (E.D.N.Y. Mar. 26, 2014), aff'd, 607 F. App'x 105 (2d Cir. 2015) ("Plaintiffs cannot withstand summary judgment by making unsubstantiated, convenient claims—for example, that someone must have planted the marijuana . . . .").

### III. PENDENT STATE CLAIMS

#### A. The False Arrest, False Imprisonment, Negligent Screening, Hiring, Training, Supervision, and Retention, Negligence, and Failure to Protect Claims are all Time Barred

"Under New York Municipal Law, a tort action against a city or its employees acting in the scope of their employment must be commenced within one year and ninety days 'after the happening of the event upon which the claim is based.'" *Mercado v. City of New York*, No. 22-CV-09462 (NRB), 2024 WL 3185963, at *4 (S.D.N.Y. June 26, 2024) (quoting N.Y. Gen. Mun. Law § 50-i). This includes claims for false arrest, false imprisonment, and negligent hiring, supervision, and training. *Walker v. Cnty. of Nassau*, No. 19-CV-01374 (JMA) (ARL), 2022 WL 19402515, at *9 (E.D.N.Y. Dec. 12, 2022), *report and recommendation adopted,* 2023 WL 2624347 (E.D.N.Y. Mar. 24, 2023); *Adedeji v. City of New York*, No. 09-CV-04046 (CBA), 2011 WL 13298907, at *5 (E.D.N.Y. Aug. 18, 2011). A claim for false arrest or false imprisonment under New York law accrues when the defendant is "released from custody." *Pearson v. City of New York.*, No. 22-CV-10669 (CM), 2024 WL 1314099, at *7 (S.D.N.Y. Mar. 26, 2024) (citation omitted). "[C]auses of action based on negligent hiring, training, and supervision

accrue on the date of the event on which the claim is based," here, Plaintiff's arrest. *Robertson v. Fluerinord*, No. 23-CV-04977 (JGK), 2024 WL 4728544, at *4 (S.D.N.Y. Nov. 8, 2024). Plaintiff's negligence claim likewise accrued on the date of his arrest. *See Bradshaw v. City of New York*, No. 15-CV-02166 (WFK), 2017 WL 6387617, at *4 (E.D.N.Y. Aug. 22, 2017).

Plaintiff was arrested on October 1, 2017, and released from custody on February 20, 2018. City 56.1 ¶ 10. The statute of limitations on Plaintiff's negligence and negligent hiring, training, and supervision therefore expired on December 30, 2018, and the statute of limitations on his claims for false arrest and false imprisonment under New York law expired on May 21, 2019. Since Plaintiff did not file his action until April 2022, those claims are all time-barred. Plaintiff's claim against the City and its employees for failure to protect against a false arrest is subject to the same statute of limitations, and the time accrues on the date of the arrest. Therefore, that claim is also time-barred (and in any event must be dismissed because Plaintiff does not even attempt to support it either factually or legally).

### B. The Malicious Prosecution Claim Fails as a Matter of Law

A malicious prosecution claim under New York law requires a plaintiff to prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (quoting *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995)). "Under New York law, 'the existence of probable cause is a complete defense to a claim of malicious prosecution.'" *Thomas v. Genova*, No. 23-7452, 2025 WL 583182, at *2 (2d Cir. Feb. 24, 2025) (quoting *Savino*, 331 F.3d at 72). Thus, as with his malicious prosecution claim under Section 1983, even if the claim were not time-barred, Plaintiff's analogous claim under New York law fails because

he has offered no evidence to rebut the presumption of probable cause created by his indictment by a grand jury.

## CONCLUSION

For the reasons stated herein, Defendants City and Payano's motion for summary judgment (Dkt. No. 75) is GRANTED, and Defendant Franco's motion for summary judgment (Dkt. No. 81) is GRANTED. Because summary judgment is granted for all Defendants, Defendant Franco's cross-claims against the City for indemnification are DENIED AS MOOT. The Clerk of Court is respectfully directed to enter judgment for the Defendants and CLOSE this case.

Dated: September 4, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge